Brenda URSIDA, et al., Plaintiffs,

v.

MILWAUKEE CRANE AND SERVICES COMPANY, et al., Defendants.

No. 85–C–683.

United States District Court,
E.D. Wisconsin.

Oct. 26, 1987.

Nick J. Anast, Tokarski & Anast, Schererville, Ind., for plaintiffs.

Jeffrey L. Hesson, Lichtsinn, Haensel, Bastian, Erchul & Crocker, Milwaukee, Wis., for defendant Novo Corp.

---

## DECISION AND ORDER

WARREN, Chief Judge.

On June 5, 1987, the Court granted summary judgment in favor of defendants in this diversity action involving claims of negligence and strict liability. On June 15, 1987, plaintiffs filed a notice of appeal.[1] Two months later, on August 14, plaintiffs filed a motion for relief from judgment under Rule 60(b), Fed.R.Civ.P. Plaintiffs contended that the Seventh Circuit Court of Appeals' decision in *Beard v. J.I. Case*, 823 F.2d 1095 (1987), required reversal of this Court's June 5 decision. Defendants responded that this Court lost jurisdiction to act on plaintiffs' motion once plaintiffs filed a notice of appeal.

On September 8, 1987, plaintiffs filed with the Seventh Circuit a "Petition For Permission Of the Trial Court To Acquire Jurisdiction To Consider Appellants' (Plaintiffs Below) Petition For Relief of Judgment." On September 18, 1987, the Seventh Circuit, on consideration of the petition, held:

> IT IS ORDERED that said motion is DENIED without prejudice to refiling at such time as the district court has indicated that it intends to grant the motion for relief of judgment.

On October 5, 1987, plaintiffs filed a letter with the Court, requesting that the Court "indicate" to the Seventh Circuit its "inclination" on the Rule 60(b) motion. No response was filed by defendants.

At first blush, this Court has serious concerns about issuing "indications" or "inclinations" on motions with which the Court has no jurisdiction. It of course is well settled that courts should not issue advisory opinions. *See* Nowak, Rotunda, and Young, *Constitutional Law* (2d Ed. 1983), 61–64. Article III, section 2 of the Constitution requires the federal court to hear only "cases" or "controversies." Adivsory opinions run contrary to this jurisdictional limit for various reasons, among them: (1) advisory opinions erode the authority of the courts since they are not binding on the parties; and (2) advisory opinions undermine the adversary process since the parties have no motivation to brief all relevant issues. *Id.* at 64. Both concerns apply to the case at hand. First, plaintiffs are under no obligation to resubmit its petition to the Seventh Circuit once this Court gives its "indication." Second, defendants, in their response to the Rule 60(b) motion, argued jurisdiction, not the ramifications of *Beard v. J.I. Case.* The Court could order defendants to respond to the merits of the motion, but such a course of action would require defendants to fight appeals on two levels at the same time on the same case.

Despite these concerns, the Court recognizes that the purpose of the procedure is to save a plaintiff the time and expense of appeal. The Court also recognizes the widespread acceptance of this practice, in one form or another, by other circuits. *See* 7 *Moores Federal Practice* (2d Ed.1987) ¶ 60.30(2). Therefore, as is its duty, the Court follows the dictates of the Seventh Circuit and gives the following indication as to the Court's position on plaintiffs' Rule 60(b) motion.

The Court's summary judgment ruling was based on an analysis of the Wisconsin "borrowing statute." That analysis would change as a result of *Beard v. J.I. Case* to the point where summary judgment would be inappropriate on the "borrowing statute" grounds. The Court would be inclined to grant the Rule 60(b) motion.

In other matters involving this case, the Court hereby DENIES plaintiffs' pending motions as to costs. The motions are incoherent and incomplete.

---

1. The Seventh Circuit case is captioned *Ursida, et al. v. Novo Corporation,* No. 87–1958.